**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:**<br><br>**ROBERTO DAVILA DE PEDRO<br>RITA I TORRES COLLAZO**<br><br><br>**Debtor(s)** | **CASE NO.  14-02972**<br><br>**Chapter 11** |

<span style="color:red">**FILED & ENTERED ON 3/4/2016**</span>

## <u>OPINION & ORDER</u>

Before the court is Debtors' Objection to Claim No. 11 Filed by Members of the Estate of Dr. Ramon Figueroa-Lebron and the creditor's Opposition to Debtors' Objection to Claim 11. [Dkt. No's 156 and 164]. The crux of this objection hinges on proof of claim number 11-1 filed by the Estate of Dr. Ramon E. Figueroa Lebron ("Estate") in consolidated member case15-02552. This same proof of claim had been previously filed and disallowed by Order of this court in the lead case [see Dkt. No.'s 96 and 97].  Debtors' objection is essentially three pronged. First, claim number 11-1 is time barred. Second, Estate's failure to file a motion to reconsider the disallowed claim means that this court's Order is final, and thus precludes Estate from filing its claim a second time. The Debtors argue that such claim is barred by the doctrine of *res judicata*. Thirdly, claim number 11-1 was filed without

1

any supporting documentation and mathematical calculation as to how the damages alleged were determined in violation of Rule 3001, Federal Rules of Bankruptcy Procedure. Estate, on the other hand, disputes these arguments and contends that its claim was properly filed within the bar date triggered by the filing of the member case, is not subject to *res judicata* and meets the documentation requirements pursuant to Fed. R. Bankr. P. 3001. This court will address these arguments *in illo ordine*.

**The Claim is Time Barred**

Substantive consolidation "treats separate legal entities as if they were merged into a single survivor left with all the cumulative assets and liabilities." In re Genesis Health Ventures, Inc., 402 F.3d 416, 423 (3d Cir. 2005). A bankruptcy court's authority to consolidate is not provided for in the Bankruptcy Code, but it has been deemed to derive from the bankruptcy court's general equitable powers. See 11 U.S.C. § 105(a); see also Eastgroup Properties v. Southern Motel Ass'n, Ltd., 935 F.2d 245, 248 (11th Cir. 1991); In re Augie/Restivo Baking Co., 860 F.2d 515, 518 n.1 (2d Cir. 1988).

Substantive consolidation of two or more debtors' estates is widely accepted. See e.g., In re Owens Corning, 419 F.3d 195, 207 (3d Cir. 2005); In re Bonham, 229 F.3d 750, 764 (9th Cir. 2000); In re Auto-Train Corp., 810 F.2d 270, 276 (D.C. Cir. 1987). Similarly, the First Circuit Court of Appeals approved the application of substantive consolidation in In re Hemingway Transport, Inc., 954 F.2d 1, 12 (1st Cir. 1992), but has never ruled on its effect on the proof of claim bar date.

2

It is a widely accepted principle that the Due Process Clause of the Fifth Amendment requires that creditors receive notice of the filing of the bankruptcy case and the bar date in order to afford them an opportunity to file a proof of claim. See In re XO Communications, Inc., 301 B.R. 782, 791-92 (Bankr. S.D.N.Y. 2003) (*citing* In re Drexel Burnham Lambert Group Inc., 151 B.R. 674, 679 (Bankr.S.D.N.Y. 1993) ("A…claim against the [bankruptcy] estate [] constitutes property within the meaning of the Amendment[] and cannot be forfeited through proceedings lacking in due process.")

Furthermore, in Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306 (1950), the Supreme Court made it clear that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Id. at 314. This case dealt with the constitutionally required notice due to beneficiaries of a trust, but was later adopted in cases involving disputes over notice of the bar date in chapter 11 proceedings such as the one at hand. See In re Drexel Burnham, 151 B.R. at 679; Chemetron Corp. v. Jones, 72 F.3d 341, 346 n.1 (3d Cir. 1995) (*citing* In re Pettibone Corp., 162 B.R. 791, 806 (Bankr. N.D.Ill. 1994); In re R.H. Macy & Co., 161 B.R. 355, 359 (Bankr.S.D.N.Y. 1993)).

Accordingly, a chapter 11 debtor like Mrs. Rita I Torres Collazo must provide notice of the initial filing and subsequent bar date to creditors in order to allow for a discharge of a debt under the Fifth Amendment. See In re XO Communications, 301 B.R. at 792 (*citing* In re U.S.H. Corp. of

N.Y., 223 B.R. 654, 658 (Bankr.S.D.N.Y. 1998)). That Mrs. Rita I Torres Collazo's individual case was substantively consolidated with the original joint petition does not, *ipso facto*, change this requirement. This is because Mrs. Torres Collazo became a new Debtor upon filing her own chapter 11 petition, thereby triggering a new 90-day bar date. The substantive consolidation of these two cases does not render this new bar date without effect.

Indeed, this court agrees with the analysis in In re Sunset Aviation, Inc., 468 B.R. 641 (Bankr.D.Del. 2011), whereby it was held that substantive consolidation is not automatically retroactive and the critical factor to consider is whether a party seeking substantive consolidation requested *nunc pro tunc* relief or whether such relief was granted though a court order. Upon closer examination of the language of this court's Order for substantive consolidation, see Dkt. no. 114, it is clear that it does not justify retroactively applying such Order to affect the proof of claim bar date triggered by the filing of the member case.

**The Claim is Precluded by *Res Judicata***

Next, we turn our attention to Debtors' argument that Estate's claim for damages is precluded by the doctrine of *res judicata*. "In Puerto Rico, as in most jurisdictions, the term *res judicata* is often used to refer to either of two distinct but related doctrines." Gener-Villar v. Adcom Group, Inc., 417 F.3d 201, 205 (1st Cir. 2005). The first doctrine is 'claim preclusion' and "generally binds parties from litigating or relitigating any [claim] that was or could have been litigated in a prior adjudication and prevents claim splitting." Id. at 205 (*quoting* Futura Dev. Corp. v. Centex Corp.,

761 F.2d 33, 42 (1st Cir. 1985)). The second doctrine is 'collateral estoppel', also known as issue preclusion, which "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." New Hampshire v. Maine, 532 U.S. 742, 748-49 (2001). The Puerto Rico Supreme Court has held that for *res judicata* to apply, the judgment (1) must be final, (2) must have been rendered by a court with proper jurisdiction, and (3) must have been on the merits. See Bolker v. Tribunal Superior, 82 D.P.R. 816, 823-25 (1961); see also R.G. Financial Corp. v. Vergara-Nunez, 446 F.3d 178, 183 (1st Cir. 2006).

In this case, the only requirement at issue is whether the judgment was made "on the merits," that is, whether there is perfect identity between the "causes," "persons," and "things" of both suits. See Boateng v. Inter American Univ., Inc., 210 F.3d 56, 62 (1st Cir. 2000). Upon closer inspection of the ruling entered by the Puerto Rico Court of Appeals, [see Dkt. No. 164, exhibit A], provided by the parties, it appears to only mandate specific performance of the contract between Debtors and Estate.

**The Claim does not comply with Federal Rule of Bankruptcy Procedure 3001(c)**

Debtors argue that Estate's claim should be disallowed as a matter of law for failure to attach supporting documentation in compliance with FED. R. BANKR. P. 3001(c). We disagree. The requirements for proofs of claim are contained in the Bankruptcy Code, the Bankruptcy Rules, and the Official Forms. Accordingly, the Code provides that a timely filed claim "is deemed allowed"

unless a party in interest objects. 11 U.S.C. § 502(a). If an objection is filed, then the court must determine the amount of such claim and "*shall allow* such claim" unless one of the statutory grounds for disallowance applies. 11 U.S.C. § 502(b)(1)-(9) (emphasis added).

Failure to provide sufficient documentation to determine the basis or accuracy of the proof of claim will strip the claim from its *prima facie* validity, but will not result in automatic disallowance. See, e.g., In re Rehman, 479 B.R. 238, 242 (Bankr. D. Mass. 2012); In re Long, 353 B.R. 1, 13 (Bankr. D. Mass. 2006). This court needs not address what combination of documents would be sufficient in this case because no supporting documents were attached to Estate's proof of claim. Accordingly, the court concludes that such claim does not comply with FED. R. BANKR. P. 3001(c)(1) and, therefore, is not entitled to be treated as *prima facie* evidence of the validity and amount of the claim. See FED. R. BANKR. P. 3001(f).

The court will now consider the validity of Debtors' objection. It is a well-established principle that a debtor acts in good faith when objecting to a proof of claim that lacks the requisite documentation. See In re Armstrong, 320 B.R. 97, 108 (Bankr. N.D. Tex. 2005). Consequently, in response to an objection, "the burden of proof will fall on whichever party would bear the burden outside of bankruptcy." COLLIER ON BANKRUPTCY § 3001.09[2] at 3001-28 (16th ed. 2010) (*citing* Raleigh v. Illinois Dept. of Revenue, 530 U.S. 15, 20 (2000)). This means that Estate is required to offer supporting documentation to establish the validity of its claim. See, e.g., In re Long, 353 B.R. at 13; In re Armstrong, 320 B.R. at 105; In re Chambliss, 315 B.R. 166, 169 (Bankr. S.D. Ga. 2004).

We need not go further. Since noncompliance with Rule 3001(c) is not one of the exclusive grounds for disallowance set forth in 11 U.S.C. § 502(b)(1)-(9), and for the reasons listed herein, Debtor's objection to claim 11-1, is hereby DENIED, but only as to its allowance.

The clerk shall schedule a status conference to determine the amount of the allowed claim.

SO ORDERED

San Juan, Puerto Rico, this 4th day of March, 2016.

Brian K. Tester
U.S. Bankruptcy Judge

7